Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Austin Kaplan, TX Bar No. 24072176
Andrew Eckhous, TX Bar No. 24127926
KAPLAN LAW FIRM, PLLC
2901 Bee Cave Rd, Suite G
Austin, TX 78746
Telephone: (512) 814-8522

Attorneys for Plaintiffs and those similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Selena Connell, Jeffrey "Beau" Wengert, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ByteDance, Inc. d/b/a/ TikTok<br><br>Defendant. | **Case No.:**<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**(1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*)** |

-1-
COLLECTIVE ACTION COMPLAINT

**PRELIMINARY STATEMENT**

1. This is a collective action brought by Plaintiffs Selena Connell ("Plaintiff Connell") and Jeffrey "Beau" Wengert ("Plaintiff Wengert") (Collectively "Plaintiffs") on their own behalf and on behalf of the proposed FLSA Collective. Plaintiffs and the putative Collective members are or were employed by Defendant ByteDance, Inc. d/b/a TikTok ("TikTok" or "Defendant"), as inside sales representatives and were denied proper compensation as required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. The FLSA Collective is made up of all persons who have been employed by Defendant as Business Development Managers, Agency Development Managers, Agency Partnership Managers, Brand Partnership Managers, Client Solutions Managers, and others with similar job titles and/or duties ("Inside Sales Representatives") at any time within three years prior to this action's filing date (the "Collective Period").

3. During the Collective Period, Defendant failed to pay overtime compensation to Plaintiffs and each member of the FLSA Collective as required by federal law. Plaintiffs seek relief for themselves and for the FLSA Collective under the FLSA requiring Defendant to pay appropriate overtime compensation.

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq*. Plaintiffs have signed consent forms to join this lawsuit, which are attached as Exhibits A and B. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

5. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendant maintains its American principal place of business in this district.

6. Pursuant to L.R. 3-2(c) and (e), this action is properly assigned to the San Jose Division of the Northern District of California because Defendant's headquarters is located in Santa

Clara County.

## PARTIES

7. Plaintiff Connell is an adult resident of Austin, Texas.

8. Plaintiff Connell was employed by Defendant in Travis County, Texas from approximately November 2021 until September 2024. Plaintiff Connell was Defendant's employee as defined by the FLSA, 29 U.S.C. § 203(e)(1).

9. Plaintiff Wengert is an adult resident of Austin, Texas.

10. Plaintiff Wengert was employed by Defendant in Travis County, Texas from approximately September 2021 until November 2023. Plaintiff Wengert was Defendant's employee as defined by the FLSA, 29 U.S.C. § 203(e)(1).

11. Defendant is a Delaware corporation that does business in California, Texas, and nationwide. Its principal office is located at 1199 Coleman Avenue, San Jose, CA 95110.

12. Defendant was the employer of both Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

## FACTUAL ALLEGATIONS

13. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

14. Defendant is a company that owns, among other things, the social media platform TikTok. It sells advertising as one of its main forms of income, known colloquially as "ad-space."

15. Defendant, who serves thousands of clients around the United States and throughout the world, regularly receives compensation from its clients for these services that are delivered across state lines.

16. Plaintiffs worked for Defendant in multiple Inside Sales Representatives roles out of Defendant's office in Austin, Texas, in Virginia, and from their home offices. Plaintiff Wengert worked in Virginia from September 2021 until December 2021, before moving to Texas in January 2022.

17. As Inside Sales Representatives, Plaintiffs cold-emailed and LinkedIn messaged potential buyers of Defendant's products, upsold existing customers, and were evaluated on their

-3-

1  work performance based on the amount of "ad-space" that they sold to current and potential
2  customers.

3      18.    Their commissions were based on the amount of "ad-space" they sold.

4      19.    Defendant also assigned leads to Plaintiffs, who they would call in an attempt to sell
5  Defendant's products.

6      20.    These customers included all types of businesses: dining/quick service restaurants,
7  technology/electronics, collectables/toys, fast-moving consumer packaged goods/classic consumer
8  packaged goods, department stores, and more.

9      21.    Defendant employs numerous other Inside Sales Representatives who also sell
10  Defendant's products to its potential and existing clients from inside Defendant's offices and from
11  their own home offices.

12      22.    At all times material, Plaintiffs and other inside salespersons were engaged in
13  commerce or in the production of goods for commerce as defined by Section 207(a)(1) of the FLSA.

14      23.    At all times material, Defendant has qualified as an enterprise engaged in commerce
15  or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had
16  annual gross volume of sales which exceeded $500,000.00.

***Overtime Compensation***

    24.    The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

    25.    Plaintiffs and those similarly situated were improperly classified as exempt from FLSA's overtime requirements and paid a salary plus commissions.

    26.    Plaintiffs and other inside salespersons employed by Defendant during the last three years regularly worked more than forty (40) hours in a workweek without receiving proper overtime compensation. During these weeks, Defendant did not provide Plaintiffs or other inside salespersons with overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 during those workweeks.

    27.    Rather than pay Plaintiffs and other inside salespersons one and one-half times their regular hourly rate of pay for all hours worked over 40 in a given workweek, Defendant misclassified

Plaintiffs and other inside salespersons as exempt from overtime pay, and did not compensate them for their overtime hours worked.

28. Plaintiff Connell worked, on average, approximately nine hours of overtime each week, but sometimes worked dozens of hours of overtime during busy weeks. Plaintiff Connell often worked overtime hours on weekends, either from Defendant's office or remotely from her home office, taking calls from and/or making calls to, potential and current clients. Plaintiff Connell often worked through her lunch break.

29. For example, Plaintiff Connell estimates that she worked approximately 47 hours during the week of August 26, 2024.

30. Plaintiff Wengert worked, on average, approximately twelve hours of overtime each week, but sometimes worked dozens of hours of overtime during busy weeks. Plaintiff Wengert often worked overtime hours on weekends, either from Defendant's office or remotely from his home office, taking calls from and/or making calls to, potential and current clients. Plaintiff Wengert often worked through his lunch break.

31. For example, Plaintiff Wengert estimates that he worked approximately 65 or more hours during the week of July 7, 2023 and 75 hours or more during the week of July 14, 2023.

32. Plaintiff Wengert's manager and skip level manager both told him on multiple occasions that his role required overtime work, and that that was "the expectation" and "par for the course" for his role at TikTok.

33. Notably, TikTok changed its sales periods from every eight weeks to quarterly sometime in 2022, at which point it doubled its sales quotas, adding additional work to all Inside Sales Representatives' schedules.

34. Plaintiffs and other inside salespersons who worked for Defendant were not required to keep timesheets. As a result, Defendant failed to maintain and keep time records for Plaintiffs and those similarly situated.

35. Defendant knew Plaintiffs and the Putative Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiffs and the similarly situated salespersons overtime wages at the required rates. Furthermore, Federal courts and the U.S.

Department of Labor have consistently held that inside salespersons are entitled to overtime wages. Defendant had a duty to investigate and research its obligations under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

37. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals work(ed) as Inside Sales Representatives for Defendant. The proposed collective is defined as follows:

> All persons who work or worked for Defendant as Business Development Managers, Agency Development Managers, Agency Partnership Managers, Brand Partnership Managers, Client Solutions Managers, and/or other positions with similar job titles and/or duties in the three years prior to the filing of this Complaint (the "FLSA Collective").

38. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b) and their consent forms are attached as Exhibits A and B. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

39. Plaintiffs and the FLSA Collective are or were employed by Defendant within the meaning of the FLSA.

40. Defendant paid Plaintiffs and the FLSA Collective a salary and commissions, and classified them as exempt employees.

41. Defendant improperly classified Plaintiffs and the FLSA Collective as exempt from the FLSA's overtime pay requirements.

42. Plaintiffs and the FLSA Collective routinely worked over forty (40) hours in a workweek and were not compensated by Defendant with overtime pay for the overtime hours they worked.

43. Defendant was aware of Plaintiffs and other Inside Sales Representatives performing overtime work. Specifically, it was Defendant's policy and practice to set sales goals that required overtime work and to encourage Plaintiffs and members of the FLSA Collective to work on weekends and additional overtime hours throughout each sales period, but especially during the last portion of each sales period. Plaintiffs often worked through their lunch breaks.

44. For example, Plaintiffs would have to service many clients across multiple time zones in order to reach the assigned sales quotas, and Defendant would not allow internal deadlines to be moved. This meant that Plaintiffs would have to put in extra work as the deadlines approached.

45. Defendant pushed its Inside Sales Representatives to work longer hours by using the motto "Always Day 1", which strongly urged the Inside Sales Representatives to proactively contact clients every week.

46. Defendant is and was aware that Plaintiffs and the FLSA Collective worked under these conditions. Despite that knowledge, Defendant denied them overtime compensation.

47. Defendant uniformly misrepresented to Plaintiffs and the FLSA Collective that they were exempt employees and therefore ineligible to receive overtime pay. In reality, Plaintiffs and the FLSA Collective are, and were, non-exempt employees and therefore eligible to receive overtime pay. For example, Plaintiffs and the FLSA Collective performed inside sales work for Defendant. This entailed calling potential and current clients, sending messages on LinkedIn, and sending emails, all with the goal of selling and upselling Defendant's products.

48. Plaintiffs and the FLSA Collective did not have the authority to determine what products were offered or what price would be charged. The relevant job duties of Plaintiffs and the FLSA collective were substantially similar, regardless of their specific job title, office location, supervisor, or assigned sales territory.

49. Defendant failed to make, keep, and preserve records of the hours worked by Plaintiffs and the FLSA Collective.

50. Defendant's unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiffs and the FLSA Collective.

51. Defendant's conduct is willful and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective. Defendant is and was aware that Plaintiffs and the FLSA Collective performed non-exempt work that required overtime pay.

52. Defendant is and was aware of the FLSA's requirements.

53. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective.

54. Notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## FIRST CLAIM FOR RELIEF

## FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME

(**On Behalf of Plaintiffs and the FLSA Collective**)

55. Plaintiffs, individually and on behalf of the FLSA Collective, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

56. The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

57. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

58. Plaintiffs and the FLSA Collective are non-exempt covered employees. 29 U.S.C. § 203(e)(1).

59. Plaintiffs and the FLSA Collective have worked more than forty hours (40) per week for Defendant during the applicable time period.

60. Defendant has not properly compensated Plaintiffs or the FLSA Collective for their overtime hours as required by the FLSA.

61. Defendant failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiffs and the FLSA Collective.

62. Defendant knew Plaintiffs and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiffs and the FLSA Collective wages at the required overtime rates. *See* 29 U.S.C. § 255.

63. Defendant's willful failure and refusal to pay Plaintiffs and the FLSA Collective overtime wages for time worked violates FLSA. 29 U.S.C. § 207.

64. By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the FLSA Collective, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. §255(a).

65. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

66. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, individually and on behalf of the FLSA Collective, pray for relief as follows:

a. Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b. Judgment that Plaintiffs and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

c. Judgment against Defendant for violations of the overtime provisions of the FLSA;

d. Judgment against Defendant for an amount equal to Plaintiffs' and the FLSA Collective's unpaid back wages at the applicable overtime rates;

e. A finding that Defendant's violations of the FLSA are willful;

f. An amount equal to Plaintiffs' and the FLSA Collective's damages as liquidated damages;

g. All costs and attorneys' fees incurred prosecuting this claim;

h. An award of any pre- and post-judgment interest;

i. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: November 11, 2024          **NICHOLS KASTER, LLP**

By:  /s/ Daniel S. Brome
     Daniel S. Brome

ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE COLLECTIVE