UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENA CONNELL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BYTEDANCE, INC.,<br><br>    Defendant. | Case No. 24-cv-07859-NC<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING ON MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Re: Dkt. Nos. 34, 41, 42 |

Upon review and consideration of the parties' briefing on Defendant's motion to compel arbitration and stay proceedings, ECF 34, 41, 42, and the parties' arguments presented on March 12 and 13, 2025, the Court requires additional briefing on the issues below to resolve the pending motion.

In disputes over arbitration agreements that contain delegation clauses, the Ninth Circuit has instructed that courts adhere to the following steps:

> First, a court must resolve any challenge that an agreement to arbitrate was never formed, even in the presence of a delegation clause. Next, a court must also resolve any challenge directed specifically to the enforceability of the delegation clause before compelling arbitration of any remaining gateway issues of arbitrability. Finally, if the parties did form an agreement to arbitrate containing an enforceable delegation clause, all arguments going to the scope or enforceability of the arbitration provision are for the arbitrator to decide in the first instance.

*Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1030 (9th Cir. 2022).

This framework accounts for the Supreme Court's conclusion in *Granite Rock Co. v. International Brotherhood of Teamsters et al.* that disputes concerning contract formation are for courts to decide in the first instance regardless of an arbitration agreement. 561 U.S. 287, 296–97 (2010). In contrast, whether an agreement to arbitrate is valid or enforceable is traditionally a threshold question of arbitrability that, in the presence of a valid delegation provision, is to be decided by an arbitrator in the first instance. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (identifying the threshold arbitrability questions that can be delegated to arbitrators as "(1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute"); *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 n.1 (2006) (distinguishing "[t]he issue of the contract's validity [as] different from the issue whether any agreement between the alleged obligor and obligee was ever concluded"); *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 n.2 (2010) (same).

Against this backdrop, the Court requests additional briefing from the parties on the following questions:

1. (a) What documents make up the complete contract that contains the provision to arbitrate? The offer letter, CIAA, MAA, or only some subset thereof? (b) What are the effects of the integration clauses within these various documents and, relatedly, what is the effect of the order in which a Plaintiff signed these documents? (c) Can the Court decide what documents make up the complete contract as an issue of contract formation?
2. Plaintiffs argue the agreements are illusory and lack consideration under Illinois, Texas, and New York law. ECF 41 at 20–21. (a) Are the arbitration provisions illusory and lacking consideration under the law of these states? (b) Are the contracts as a whole illusory and lacking consideration? (c) Is this an issue of contract formation for the Court to decide in the first instance, or one of contract validity and enforcement (e.g. an issue of unconscionability)?

2

**The parties must answer these questions with respect to each subgroup of Plaintiffs—the CIAA subgroup and the MAA subgroup.  The parties should also account for the various applicable state contract laws as necessary.**

The parties must each file a supplemental brief of no more than 15 pages addressing these topics by May 28, 2025.

**IT IS SO ORDERED.**

Dated:  May 13, 2025

NATHANAEL M. COUSINS
United States Magistrate Judge